UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STAG ARMS, LLC,<br><br>      Plaintiff,<br>v.<br><br>SOL INVICTUS ARMS, LLC, and<br>TACTICAL SUPERIORITY, INC., d/b/a<br>TACTICAL SUPERIORITY, INC./SOL<br>INVICTUS ARMS,<br><br>      Defendants. | Civil Action No. 3:19-cv-303<br><br>**COMPLAINT** |

Plaintiff, Stag Arms, LLC ("Plaintiff"), by and through its undersigned counsel, brings this action for breach of contract, misrepresentation and indemnification against Defendants, Sol Invictus Arms, LLC and Defendant, Tactical Superiority, Inc., d/b/a Tactical Superiority, Inc./Sol Invictus Arms (each a "Defendant" and collectively, the "Defendants"). Plaintiff, by way of this Complaint against the Defendants, alleges, upon knowledge as to itself and its own acts and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff, a Connecticut-based company with a well-established brand for selling "100% American-made" firearms and related merchandise, brings this action to recover money damages from the Defendants, Florida companies conducting business in the state of Connecticut. Plaintiff agreed to purchase Defendants' "charging handles" or "ambi charging handles" used in semi-automatic rifles in order to retail them to Plaintiff's customers as "100% American-made." Defendants represented and warranted that their charging handles, and all their components, were manufactured domestically in the U.S. But that turned out to be a false representation in breach of the purchase agreements. Plaintiff's customers required it to refund purchases of Defendants' charging handles causing Plaintiff to incur substantial damages,

including damage to Plaintiff's "100% American-made" brand and reputation which is vital to its business.

2. Defendants also represented and warranted that their charging handles did not infringe on any intellectual property of Radian Weapons' charging handles or other charging handles. However, Radian Weapons sued Plaintiff for selling Defendants' charging handles alleging they did infringe causing Plaintiff to incur legal costs seeking dismissal of that lawsuit.

## THE PARTIES

3. Plaintiff is a limited liability company incorporated in Delaware, with its principal place of business located at 515 John Downey Drive, New Britain, Connecticut 06051.

4. Defendant, Tactical Superiority, Inc., d/b/a Tactical Superiority, Inc./Sol Invictus Arms is a corporation incorporated in Florida, authorized to conduct business and conducting business in the state of Connecticut, with its principal place of business located at 305 North Drive, Suite G, Melbourne, Florida 32934.

5. Defendant, Sol Invictus Arms, LLC is a limited liability company incorporated in Florida, authorized to conduct business and conducting business in the state of Connecticut, with its principal place of business located at 305 North Drive, Suite G, Melbourne, Florida 32934. At all times relevant, Defendants represented Sol Invictus Arms, LLC to be a "company created by the team at Tactical Superiority, Inc." and Defendants acted by and through both Tactical Superiority, Inc., and Sol Invictus Arms, LLC as if the two entities were one.

## JURISDICTION

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332, as the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district since Defendants sold and shipped the breaching charging handles to Plaintiff at its principal place of business in this district.

**FACTS**

8. Plaintiff is engaged in the business of manufacturing, marketing, retailing and distributing firearms and related merchandise to law enforcement and the general public.

9. Defendants are engaged in the business of manufacturing and supplying firearms and related merchandise to other firearms manufacturers and distributors.

10. An integral part of Plaintiff's business is its well-established brand and reputation for selling only merchandise that is "100% American-made, including each and every part assembled," and Plaintiff's customer base who only accept firearms and components that are 100% American-made. Defendants had knowledge of this at all times relevant.

11. In or about November 2018, Plaintiff agreed to purchase orders to purchase approximately 12,980 charging handles from Defendants (the "Purchase Agreements"). As set forth in written correspondences dated November 1, 2018 and November 2, 2018 together with the related purchase orders attached hereto as **Exhibit A** which collectively comprise the Purchase Agreements, Plaintiff agreed to the purchases in reliance upon Defendants' representations that all such charging handles, and all their components, were manufactured domestically in the U.S. That was an express condition for the purchases. Defendants had knowledge of this at all times relevant.

12. At all times relevant, Defendants also had knowledge that Plaintiff agreed to purchase the charging handles in order for Plaintiff to market them as "100% American-made" for sale to customers who only accept firearms and components that are 100% American-made.

3

13. Plaintiff was subsequently informed of allegations made by customers and consumer groups that Defendants' representations were false and that the charging handles, or their components, sold from Defendants to Plaintiff were not, in fact, manufactured in the U.S. and were instead manufactured overseas.

14. In correspondences dated November 28, 2018, which are attached hereto as **Exhibit B**, Plaintiff again asked Defendants to confirm that all such charging handles and their components were manufactured in the U.S. and warned that without such confirmation Plaintiff would not place more purchase orders with the Defendants. Defendants again represented and warranted that any components not manufactured by them in the U.S. were manufactured in the U.S. by U.S.-based suppliers.

15. Defendants misrepresented that the charging handles sold to the Plaintiff, and all components thereof, were manufactured in the U.S. in order to induce the Plaintiff to purchase them.

16. By receiving charging handles that were not 100% manufactured in the U.S., Plaintiff received goods which materially failed to meet the agreed specifications in breach of the Purchase Agreements and which are of little to no value for Plaintiff's "100% American-made" business.

17. Many of Plaintiff's customers who purchased the charging handles were unwilling to accept such merchandise that was not 100% manufactured in the U.S. and required the Plaintiff to refund their purchases.

18. Accordingly, as a result of Defendants' misrepresentations and breaches of the Purchase Agreements, Plaintiff incurred substantial damages, including, without limitation, losses in connection with the purchase, shipping and customer refund of charging handles, as

well as damage to Plaintiff's "100% American-made" brand and reputation which is vital to its business.

19. At all times relevant, Defendants knowingly and intentionally misrepresented that the charging handles sold to the Plaintiff, and all components thereof, were manufactured in the U.S. in order to induce the Plaintiff to purchase them. Indeed, when faced with the allegation sometime after November 28, 2018, Defendants admitted that the charging handles sold to Plaintiff, or some components thereof, were likely manufactured overseas.

20. To further induce Plaintiff to purchase the charging handles, Defendants represented and warranted, in the **Exhibit B** November 28, 2018 correspondences and other communications, that the charging handles did not infringe on any intellectual property of Radian Weapons' charging handles or other charging handles. However, AXTS, Inc. (d/b/a Radian Weapons) sued Plaintiff for selling Defendants' charging handles alleging they did infringe under a complaint titled *AXTS, Inc. vs. Stag Arms, LLC and WWCIP IV, LLC*, Case No. 18-cv-02103 filed in this Court. This caused Plaintiff to incur legal costs seeking dismissal of that lawsuit which was dismissed with prejudice pursuant to an Order entered by this Court on February 25, 2019. Accordingly, Defendants are liable to Plaintiff for all damages incurred in connection with defending that lawsuit.

## FIRST CAUSE OF ACTION

### Breach of Contract

21. Plaintiff incorporates the allegations contained in the foregoing Paragraphs for its allegations of this Paragraph as though fully set forth and restated herein.

22. The Purchase Agreements, each and collectively, are binding contracts supported by adequate consideration.

23. Plaintiff complied with any and all conditions precedent under the Purchase Agreements for its receipt of charging handles conforming to the specifications represented in the Purchase Agreements.

24. As a condition of the Purchase Agreements, Plaintiff expressly requested and Defendants represented and warranted that all charging handles and components thereof are manufactured domestically in the U.S.

25. The charging handles Defendants delivered to Plaintiff, or some components thereof, were manufactured overseas and thus materially failed to conform to the agreed specifications of the Purchase Agreements which Defendants represented and warranted. Defendants thereby breached the terms of the Purchase Agreements.

26. As a direct and proximate result of Defendants' foregoing breach of the Purchase Agreements, Plaintiff suffered damages, including, without limitation, amounts paid toward the purchase price of nonconforming charging handles which Plaintiff's customers declined to purchase, the out-of-pocket cost of shipping and refunding customer purchases of nonconforming charging handles, and damage to Plaintiff's "100% American-made" brand and reputation, plus interest, attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Misrepresentation

27. Plaintiff incorporates the allegations contained in the foregoing Paragraphs for its allegations of this Paragraph as though fully set forth and restated herein.

28. The Defendants made statements that the charging handles, and all components thereof, sold to Plaintiff under the Purchase Agreements were manufactured domestically in the U.S. The Defendants' statements were false representations of material fact made knowingly,

intentionally, and/or recklessly without regard for their truth in order to induce Plaintiff to agree to the purchases. Plaintiff reasonably relied upon Defendants' false representations in deciding to purchase and market the charging handles to Plaintiff's customers.

29. As a direct and proximate result of Defendants' foregoing wrongful conduct, Plaintiff suffered damages, including, without limitation, amounts paid toward the purchase price of nonconforming charging handles which Plaintiff's customers declined to purchase, the out-of-pocket cost of shipping and refunding customer purchases of nonconforming charging handles, and damage to Plaintiff's "100% American-made" brand and reputation, plus interest, attorney's fees and costs.

## THIRD CAUSE OF ACTION

### Indemnity

30. Plaintiff incorporates the allegations contained in the foregoing Paragraphs for its allegations of this Paragraph as though fully set forth and restated herein.

31. Defendants represented and warranted that the charging handles did not infringe on any intellectual property of Radian Weapons' charging handles or other charging handles. Radian Weapons sued Plaintiff for selling Defendants' charging handles alleging they did infringe causing Plaintiff to incur attorney's fees and costs in defending the claims.

32. Pursuant to common law and contractual indemnity principles, Defendants are liable to and required to indemnify Plaintiff for all damages incurred as a result of defending the claims asserted by Radian Weapons.

The Plaintiff,
Stag Arms, LLC

BY: _____
James M. Nugent ct08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele. No.: (203) 878-0661
jmn@quidproquo.com


BY:  /s/ _____
John D. Giampolo
ICE MILLER LLP
1500 Broadway, 29th Floor
New York, New York 10036
Tel: (212) 824-4950
John.Giampolo@icemiller.com

*Pro hac vice admission pending*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STAG ARMS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>SOL INVICTUS ARMS, LLC, and<br>TACTICAL SUPERIORITY, INC., d/b/a<br>TACTICAL SUPERIORITY, INC./SOL<br>INVICTUS ARMS,<br><br>     Defendants. | Civil Action No. 3:19-cv-303<br><br>**COMPLAINT** |

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully demands judgment against the Defendants individually, jointly and severally in an amount in excess of $75,000 plus interest, attorney's fees and costs, and such other and further relief that the Court deems just and equitable.

Dated: March 1, 2019

              The Plaintiff,
              Stag Arms, LLC

              BY: _____
              James M. Nugent ct08822
              Harlow, Adams & Friedman, P.C.
              One New Haven Avenue, Suite 100
              Milford, CT 06460
              Tele. No.: (203) 878-0661
              jmn@quidproquo.com

              BY: /s/_____
              John D. Giampolo
              ICE MILLER LLP
              1500 Broadway, 29th Floor
              New York, New York 10036
              Tel: (212) 824-4950
              John.Giampolo@icemiller.com

              *Pro hac vice admission pending*